IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 13-40025-03-JAR |
| ) | |
| JONATHAN SLOAN, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## MEMORANDUM AND ORDER

Defendant Jonathan Sloan was convicted by a jury on multiple drug-related conspiracy, mail fraud, smuggling, and money laundering counts.[1] Following his convictions, Defendant and the Government entered into a Post-Conviction Sentencing Agreement.[2] On February 18, 2015, the Court adopted the parties' agreement, and Defendant was sentenced to ninety-six-months' imprisonment.[3] On April 7, 2016, Defendant sent a letter to the Court asking that his sentence be modified to permit him to serve the remainder of his term on home confinement (Doc. 222). In view of defendant's *pro se* status, the Court construes his letter as a motion for reduction of sentence under 18 U.S.C. § 3582(c).[4] The Government opposes Defendant's request and moves to dismiss for lack of jurisdiction (Doc. 223). As explained below, the Court grants the Government's motion.

---

[1] Doc. 146.

[2] Doc. 199.

[3] Doc. 202. The PSIR calculated Defendant's offense level at 39, his Criminal History category as I, resulting in a Guidelines calculation of 262–327 months' imprisonment. Doc. 192.

[4] District courts may not recharacterize a *pro se* litigant's post-conviction motion as a 28 U.S.C. § 2255 motion unless the court first warns the *pro se* litigant about the consequences of the recharacterization, thereby giving the litigant an opportunity to contest the recharacterization, or to withdraw or amend the motion. *United States v. Martin*, 357 F.3d 1198, 1199-1200 (10th Cir. 2004) (citing *Castro v. United States*, 540 U.S. 375 (2003)).

Defendant asks the Court to modify and reduce his sentence upon consideration of his family circumstances. Defendant explains that his mother is being treated for cancer, leaving no one to care for his disabled brother outside his group home; that his ex-wife struggles with depression; and that his young son has developed behavior problems in light of his father's incarceration. Defendant cites to his good behavior while incarcerated, and expresses that home confinement would save the government money and resources while alleviating his family's suffering.

"Federal courts generally lack jurisdiction to modify a term of imprisonment once it has been imposed."[5] As the Tenth Circuit explained:

> A district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so. Section 3582(c) of Title 18 of the United States Code provides three avenues through which the court may "modify a term of imprisonment once it has been imposed." A court may modify a sentence: (1) in certain circumstances "upon motion of the Director of the Bureau of Prisons"; (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure"; or (3) "upon motion of the defendant or the Director of the Bureau of Prisons," or on the court's own motion in cases where the applicable sentencing range "has subsequently been lowered by the Sentencing Commission."[6]

If a defendant's argued basis does not fall within one of these three limited avenues under § 3582(c), the Court is without jurisdiction to consider the defendant's request.[7] None of the avenues set forth above apply to this case. Although the Court is sympathetic to the

---

[5]*United States v. Graham*, 704 F.3d 1275, 1277 (10th Cir. 2013).

[6]*United States v. Blackwell*, 81 F.3d 945, 947–48 (10th Cir. 1996) (citations and footnote omitted).

[7]*United States v. Smartt*, 129 F.3d 539, 541 (10th Cir. 1997).

circumstances of Defendant's family since his conviction, it finds that it does not have the power to reduce his sentence.  Defendant's motion must be dismissed for lack of jurisdiction.

**IT IS THEREFORE ORDERED BY THE COURT** that the Government's Motion to Dismiss Defendant's Motion to Reduce Sentence (Doc. 223) is GRANTED; Defendant's Motion (Doc. 222) is DISMISSED for lack of jurisdiction.

**IT IS SO ORDERED.**

Dated: April 12, 2016

 S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE